### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| ITL INT'L, INC., ET AL. | § | PLAINTIFFS |
| | § | |
| v. | § | CAUSE NO. 1:10CV467 LG-RHW |
| | § | |
| CONSTENLA, S.A. and GROUPO | § | |
| CONSTENLA | § | DEFENDANTS |

### ORDER DENYING MOTION FOR
### TEMPORARY RESTRAINING ORDER

BEFORE THE COURT are the Plaintiffs' Motion and Supplemental Motion for a Temporary Restraining Order [5, 7]. The Defendant has responded and the Plaintiffs have replied. After due consideration of the parties' submissions and the relevant law, it is the Court's opinion that a Temporary Restraining Order should not issue.

#### BACKGROUND

The Plaintiffs, ITL International, Inc. and Mars, Incorporated ("Mars") allege that Constenla S.A. began buying Mars products for distribution in Costa Rica in 1996. Mars now seeks to sell its products directly to some large Costa Rican retailers. Constenla claims that it has the exclusive rights to import and distribute Mars products in Costa Rica, rights it acquired by merger with another Costa Rican company, Ciamesa, in 1996. Ciamesa had entered into a written importation and distribution agreement with Mars and Ciamesa on May 28, 1992. Mars and Constenla dispute whether the importation and distribution agreement applies to their relationship. Mars argues that it may develop other distribution channels in Costa Rica without regard to the agreement with Ciamesa, while Constenla argues that Mars' attempts to sell products directly to Costa Rican retailers is in contravention of

the agreement. Under Costa Rican law as it existed prior to 2007, a termination penalty is assessed in these circumstances, and Constenla has demanded a penalty of more than seven million dollars in order to terminate the distribution agreement.

THE LEGAL STANDARD

To obtain injunctive relief, the applicant must show: (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm to the party whom the applicant seeks to enjoin, and (4) that granting the injunction will not disserve the public interest. *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 195-96 (5th Cir. 2003). The Fifth Circuit has "cautioned repeatedly that a preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements." *Id.* at 196 (quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)).

Under Fed. R. Civ. P. 65, a temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if it clearly appears from specific facts shown by affidavit or by verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and if the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. Despite the fact that notice has been given, and the Defendants have been heard on the matter,

Mars requests that the Court issue a temporary restraining order in advance of a preliminary injunction hearing.[1]  Accordingly, the Court will apply the Rule 65 standard.

## Discussion

Mars requests that Constenla be temporarily restrained from 1) attempting to assert, outside of this litigation, any rights or obligations arising out of or relating to the distribution agreement; 2) claiming that it is Mars' distributor in Costa Rica, exclusive or otherwise; or 3) harming, interfering with, or otherwise affecting the importation, sale or distribution of Mars' products in Costa Rica.

In support of its Motion, Mars attached the sworn declaration of Guillermo Gonzales. [ECF No. 5-1]  Gonzales is the Customer Business Development Director at Mars Carribean & Central America.  He is responsible for all business transactions Mars products throughout Central America, including Costa Rica.  He details Mars' desire to sell directly to Walmart, and states that "any efforts by Constenla to impede distribution of Mars' products in Costa Rica, by claiming that Constenla is the exclusive distributor, would significantly impair Mars' ability to meet Walmart's demands." *Id*. at 4 (¶23). The interference Gonzales expects is the filing of a lawsuit in Costa Rica, which due to significant differences in the law, may result in a less desirable outcome for Mars than what it expects in this lawsuit.  Gonzales states that if Constenla brought claims in Costa Rica, that would tend to dissuade other importers

---

[1] The Court has scheduled a hearing on Mars' Motion for Preliminary injunction for November 5, 2010.

and distributors from dealing with Mars, "in ways difficult if not impossible to prove in court." *Id.* (¶25).

To establish a substantial threat of irreparable injury or harm, Mars must clearly show some irreparable, concrete injury or harm resulting from Constenla's actions. An injury is irreparable if it cannot be undone through monetary remedies. *Scott v. Roberts*, 612 F.3d 1279, 1295 (11th Cir. 2010) (citation omitted).

> Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.

*Sampson v. Murray*, 415 U.S. 61, 90 (1974). In addition, speculative injuries are not sufficient. *U.S. v. Emerson,* 270 F.3d 203 (5th Cir. 2001).

> There must be a likelihood that irreparable harm will occur. Speculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant. Thus, a preliminary injunction will not be issued simply to prevent the possibility of some remote future injury. A presently existing actual threat must be shown. However, the injury need not have been inflicted when application is made or be certain to occur; a strong threat of irreparable injury before trial is an adequate basis.

9 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2948.1 at 153-56 (footnotes omitted).

In the Court's opinion, Gonzales's declaration fails to provide the specific facts necessary to establish that Mars' threatened injuries cannot be redressed by monetary damages. Mars ultimately seeks the authority to distribute its products differently in Costa Rica. There may be an assumption that a different distributor of Mars products will increase sales or income, but it is not stated. Mars knows the value of its trade in

Costa Rican market.  Thus, any improper interference by Constenla which results in lost sales can be reduced to a damages calculation.  The penalties that may be assessed pursuant to Costa Rica law are also monetary.  Moreover, Mars' fear of possible litigation in Costa Rican is speculative.  Finally, Gonzales' statement that other potential distributors may be dissuaded by the dispute between Mars and Constenla is at best speculative and conclusory.

Because it does not clearly appear from specific facts shown by affidavit or by verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant, Mars is not entitled to a Temporary Restraining Order.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Plaintiffs' Motion and Supplemental Motion for a Temporary Restraining Order [5, 7] are **DENIED**.  The Motions for Preliminary Injunction are taken under advisement.

**SO ORDERED AND ADJUDGED** this the 18th day of October, 2010.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE